José González Reyes et al., Plaintiffs and Appellants, *v.* Manuel González Reyes et al., Defendants and Appellees.

No. 6595. Argued June 22, 1935.—Decided July 16, 1935.

*Francisco Vizcarrondo* for appellants. *J. Vendrell* and *Dubón & Ochoteco* for appellees.

Mr. Justice Córdova Dávila delivered the opinion of the court.

The petitioners in this case brought, in the District Court of Humacao, an action against the defendants, Manuel González Reyes and Ernesto Fernando Schlüter, for the annul-

ment of a public deed and of an attachment proceeding. They alleged that they, together with other persons, were the owners of a property of 50 acres (*cuerdas*) described in the complaint; that said property was sold to Manuel González Reyes, and that in the deed of sale José González Reyes and María Rita González Reyes, minors, appeared to be selling their respective shares; that María Rita died while single, on March 5, 1926, leaving her mother Juana Reyes Torres as her sole heir; that Ernesto Fernando Schlüter with knowledge of the minority of said petitioners and of the manner in which Manuel González Reyes had acquired the property, in an action brought against the latter attached the aforesaid property, which was awarded to him at an execution sale in satisfaction of the judgment; that subsequently, Ernesto Fernando Schlüter instituted an unlawful detainer proceeding and obtained a judgment against Manuel González Reyes, having requested the execution thereof; that complainants herein "have no connection whatever with said Manuel González Reyes in so far as those actions are concerned; that they have not been cited or summoned in any way in the said unlawful detainer proceeding, and that as the ownership of that land is in dispute they can not be dispossessed or ejected therefrom in an unlawful detainer proceeding but only through a judgment rendered in an adversary suit."

Based on these and other allegations, the petitioners prayed that the marshal of the District Court of Humacao be ordered to refrain, personally or through his deputies, from executing the judgment rendered in the unlawful detainer proceeding while the action for nullity is pending before the court and until a final judgment is rendered, and to refrain, further, from ousting the petitioners or their families from the property of 50 acres above described, etc.

The defendants in their answer set up, among other things, that the petition did not state facts sufficient for granting the relief sought.

The District Court of Humacao dismissed the complaint on the merits. This court without delivering an opinion, which it thought unnecessary, affirmed the judgment rendered, and denied a motion for reconsideration. The defendants have again asked us to reconsider our judgment, and prayed that authority be granted to them to bring up to this court certain evidence introduced in the lower court. We repeat that this court is not in a position to grant such petition, because really sufficient facts are not stated for the issuance of an injunction and because we have reached the conclusion that, even if the evidence offered by the appellants were made a part of the record on appeal, the defects noted in the complaint would not be cured.

Complainants do not allege that they are in possession of the property described in the complaint, or that they have been threatened with dispossession. They confine themselves to the statement that they have not been summoned or cited in any form whatsoever in the unlawful detainer proceeding and that they cannot be dispossessed or ousted from said property, except through a judgment rendered in an adversary suit. We agree. If the action of unlawful detainer was not brought against the petitioners, if no citation or summons was served on them, it is clear that they have not been defeated in a suit and that they cannot be dispossessed (assuming that they are in possession of the property) by virtue of an order of ouster entered in an unlawful detainer proceeding which is directed exclusively against Manuel González Reyes.

The issuance of a writ of injunction, which as we have seen becomes unnecessary, would not be justified on the basis of the complaint and the evidence offered by the appellants.

The motion for reconsideration must be denied.

Mr. Justice Hutchison dissented.

Mr. Justice Wolf concurs in the result.

Mr. Justice Wolf, concurring.

It is the law that a person who is genuinely in possession of a piece of property, especially if he had been in such possession for a long time, can not be ousted from his possession by a suit directed against another person. Nevertheless, when a plaintiff comes into a court of equity to ask for a writ of injunction, he must, in a case like this, show that he is not only in the material possession of the property but that he has some right of possession. One of the things that I mean to exclude by this is the possibility that after a writ has issued in an unlawful detainer proceeding against one person, another person may be substituted who would resist the execution of the writ. Such a possibility would frequently make an unlawful detainer proceeding illusory. Therefore, the plaintiffs were bound to show not only that they were in possession at the time of the proposed execution of the writ but also that that possession was colorable.

The mode of conveyance by which José González Reyes and his sister transferred this property to Manuel González Reyes was by a notarial deed. Such a deed ordinarily transfers symbolically the possession of the property, and no actual material taking of the possession of the property is necessary. *Fuertes* v. *Nogueras et al.*, 32 P.R.R. 264, affirmed in 8 F. (2d) 115. Thus it was all the more necessary for the plaintiffs to show that after this deed, by some understanding or arrangement, they were allowed to remain in the material possession of the property. Even then the question would arise whether such material possession was in any other capacity than as mere agents of Manuel González Reyes.

If the plaintiffs were not in the actual physical possession of the property it is unquestionable that they have no right to a writ of injunction. If their possession was only as agents of Manuel González Reyes, likewise they had no defense against an unlawful detainer proceeding.

All these matters do not clearly appear from the proceedings in this case, but there are enough facts in the case to have made it the duty of the plaintiffs in a court of equity to have excluded these possibilities.

Because I thought that the mere averment of possession would not be enough, I have felt impelled to write a concurring opinion.